UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRIAN K. ALLEN,

                            Plaintiff,

-vs-                                                    Case No.  8:07-cv-465-T-24TBM

PINELLAS COUNTY SHERIFF'S OFFICE,

                            Defendant.
_____

### ORDER

A new case was opened for pro se prisoner Plaintiff, who is an inmate at the Pinellas

County Jail, Pinellas County, Florida, on March 16, 2007.  However, a careful review of the

complaint, which is unsigned and undated, demonstrates that Plaintiff meant to file the

complaint in state court, not in federal court.

In fact, Plaintiff originally sent the complaint to the County Civil Division, Hillsborough

County, Florida.  The filings included a document entitled, "Change of Venue" (Doc. No. 4)

in which Plaintiff requested that the venue be changed from Pinellas County to Hillsborough

County, Florida.

The present complaint was not on the form for civil rights complaints utilized in the

United States District Court for the Middle District of Florida. The heading on filed

documents 1, 2, 4, and 5 is "In And For The 13th Judicial Circuit Hillsborough County, Florida."  The heading on document 3 is "In the County Court In and For Pinellas County, Florida."  Document Number 3 is Plaintiff's motion to proceed in forma pauperis.

The complaint purportedly asserts state tort claims under Florida law.  Although Plaintiff titled his complaint "Section 1983 Civil Rights Complaint,"  he does not refer to 42 U.S.C. § 1983, and cites only Florida Statutes to support his claim.

Whether a claim "arises under" federal law is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only if a federal question is presented on the face of the Plaintiff's properly-pleaded complaint. *Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.,* 535 U.S. 826 (2002).  "The plaintiff [is] the master of the claim;  he or she may avoid federal jurisdiction by exclusive reliance on state law," even where a federal claim is also available." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  "[T]he mere presence of a federal issue in a state cause of actions does not automatically confer federal-question jurisdiction." *Merrell Dow Pharms., Inc. v. Thompson,* 478 U.S. 804, 813 (1986).  Plaintiff Allen does not specifically reference the United States Code nor any other federal law in his complaint.  As a result, Plaintiff's state law claims do not "really and substantially" involve a "dispute or controversy respecting the validity, construction, or effect of [federal] law." *Mobile Oil corp. v. Coastal Petroleum,* 671 F.2d 419, 422 (11th Cir. 1982).

Accordingly, the Court orders:

Plaintiff's complaint is **DISMISSED**, without prejudice to his pursuing any claims he has available in state court.  The Clerk is directed to enter judgment against Plaintiff and to close this case.  The Clerk is further directed to terminate any pending motions.

ORDERED in Tampa, Florida, on April 23, 2007.

SUSAN C. BUCKLEW
United States District Judge

Brian K. Allen